# Broughton v. Powell.

*Trover for Conversion of Cotton.*

*Landlord; what has not sufficient interest in, to mortgage.* — The landlord has no such interest in, or title to, crops grown on the rented lands as can be made the subject of a valid mortgage.

APPEAL from Circuit Court of Lowndes.
Tried before Hon. JAMES Q. SMITH.
Facts are stated in the opinion.

R. M. WILLIAMSON, for appellant.

WATTS & TROY, *contra.*

JUDGE, J. — The foundation of the plaintiff's title to the cotton, which is the subject of this suit, was a conveyance by mortgage of the cotton to him by one Sam Bonham. Bonham had raised the cotton on land rented by him from one Baine, and had delivered it to the plaintiff under the mortgage.

The defendant claimed the cotton under a prior mortgage which had been executed to him by Baine, the landlord of Bonham, and had obtained possession of the cotton by threats of violence.

Did Baine have any title to or interest in the cotton of his tenant which could be the subject of a valid mortgage? This question must be answered in the negative. As landlord, he had a lien upon the products of the land for the payment of any rent which might be due him for the current year; and this lien might have been enforced in a proper case, by process of attachment under our statute, but was not the subject of assignment or transfer to another.

Baine could have maintained no action, either of tort or assumpsit, to recover the cotton or its proceeds, based upon any title of his as landlord; though a purchaser from the tenant might be liable in an action on the case, if he purchased the property with notice of the landlord's lien, and with a design to defeat the landlord of his right. *Thompson* v. *Spenks*, 12 Ala. 155; *Dulany* v. *Dickenson*, Ib. 601; *Blum* v. *Jones*, in MS., June term, 1874.

It follows that the defendant acquired no right or title to the cotton by the mortgage from Baine; and as there was no conflict in the evidence, the court should have given the charge requested by the plaintiff, that if the jury believed the evidence, they must find for the plaintiff. For the refusal to give this charge the judgment must be reversed, and the cause remanded.