(102 So. 598)

## WATSON v. STATE. (4 Div. 907.)

(Court of Appeals of Alabama. Aug. 19, 1924. Rehearing Denied Oct. 7, 1924.)

**1. Landlord and tenant ⚖➡139(1)—Legal title to crops grown on rented land is in tenant, subject to landlord's lien for rent.**

Legal title to crops grown on rented land is in tenant, subject to landlord's lien for rent, enforceable by attachment, under Code 1907, §§ 4739, 4744.

**2. Larceny ⚖➡60—Evidence held to show that prosecuting witness had legal title to money stolen from one to whom he intrusted it.**

Evidence *held* to show that prosecuting witness had legal title to money stolen from one to whom he intrusted it.

**3. Witnesses ⚖➡282½—Refusal to permit further inquiry on cross-examination as to ownership of money stolen held proper.**

In prosecution for larceny of sum of money, where testimony of prosecuting witness on direct examination clearly showed that the money stolen, though representing proceeds of sale of cotton grown on lands rented from C. to whom witness intended to pay the money, belonged to witness, refusal to allow cross-examination by defendant, "That was cotton raised on Mr. C.'s place, wasn't it"? *held* proper, in view of Code 1907, §§ 4739, 4744.

**4. Criminal law ⚖➡829(1)—Refusal to give written charges held not error where oral charges covered same propositions.**

Refusal to give requested written charges *held* not error where oral charges covered same propositions.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Ethel Bell Watson was convicted of grand larceny, and she appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Watson, 212 Ala. 389, 102 So. 599.

O. S. Lewis, of Dothan, for appellant.

In order to sustain a conviction, ownership must be laid either in the actual owner of the property or a bailee in possession. Fowler v. State, 100 Ala. 96, 14 So. 860; Viberg v. State, 138 Ala. 100, 35 So. 53; 100 Am. St. Rep. 22.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue that ownershhip was properly laid, and cite Heygood v. State, 59 Ala. 49.

FOSTER, J. [1-3] The indictment charged that the appellant feloniously took and carried away certain money amounting to $70, the personal property of Pat Kinion. The evidence showed that the money stolen was the proceeds from the sale of cotton grown on the Carmichael place, that Pat Kinion was a tenant on the place; that there was no mortgage on the cotton. The injured party had delivered a pocketbook containing the money alleged to have been stolen to one Bostwick to hold or keep for him, and it was in the possession of Bostwick at the time of the alleged larceny by appellant. The larceny was from the person of Bostwick in the presence of the injured party, Kinion. Pat Kinion, a witness for the state, testified among other things:

"It belonged to Mr. Carmichael; I was to pay it to him. It was my money, I was going to settle my debts. I worked for it. I sold cotton. It was owing to Mr. Carmichael, but I had not paid him."

And on cross-examination the witness testified:

"Mr. Carmichael did not have a mortgage on this property. I made a crop down there and sold the cotton and got the money. I made the cotton on Mr. Carmichael's land. I was not working on halves."

Defendant's counsel then asked the witness, "That was cotton raised on Mr. Carmichael's place wasn't it?" and objection by the state was sustained, and exception reserved to this ruling of the court. The witness had already testified that he "made the cotton on Mr. Carmichael's land." The

court did not err in refusing to allow a repetition of the question and answer. It was clear from the testimony of Pat Kinion, which was the only evidence on that point, that Kinion had sold cotton raised on Mr. Carmichael's land; that the stolen money was the proceeds of the sale of this cotton; that there was no mortgage on the cotton; that Kinion owed Mr. Carmichael, but that the money had never been paid to Mr. Carmichael, and that the money belonged to Kinion; and after the witness had testified fully as to the ownership of the money on direct and cross examination, the court did not err in refusing the further cross-examination of the witness on this point, and the offer of the defendant to prove by this witness that "the title to the proceeds of the cotton was Mr. Carmichael's."

A landlord has a lien on the crops grown on rented lands for rent for the current year, which may be enforced by attachment (sections 4744, 4739, Code 1907), but the legal title to the crops is in the tenant subject to the lien for rent. Broughton v. Powell, 52 Ala. 123; Starnes v. Allen et al., 58 Ala. 316. The witness had already testified to all of the facts called for, and the proposed repetition was useless.

Ownership must be laid in the party having legal title or the bailee in possession. The evidence, without dispute, showed the legal title to the stolen money was in Pat Kinion. The ownership was properly laid.

[4] There was no error in the refusal of the two written charges requested, as the oral charge of the trial judge covered every phase of the case, and correctly stated all propositions of law applicable, and there was ample evidence to justify the verdict of guilt.

The judgment is affirmed.

Affirmed.