(101 So. 512)

### HARVEY v. STATE.　(4 Div. 924.)

(Court of Appeals of Alabama.　Aug. 19, 1924. Rehearing Denied Oct. 7, 1924.)

1. Intoxicating liquors ☜236(19) — Evidence held sufficient to prove guilt of possession of still.

Evidence held sufficient to prove guilt of unlawful possession of still, in view of Acts 1919, p. 1086, § 2.

2. Intoxicating liquors ☜238(1)—Affirmative charge held properly refused in prosecution for unlawful possession of still.

In prosecution for unlawful possession of still, held, that court properly refused to give general affirmative charge for defendant, in view of Acts 1919, p. 1086, § 2.

3. Criminal law ☜743—Weight to be given testimony of defendant was for jury.

Weight to be given testimony of defendant as witness was question for jury.

4. Criminal law ☜538(3)—Conviction for unlawful possession of still sustained upon proof of confession and admissions though denied on trial.

Conviction for unlawful possession of still will be sustained upon confession by defendant that still found on his premises belonged to him, worm not being found, but defendant accounting for its absence by stating that he had borrowed it, and admission of making whisky, although defendant denied confession and admission upon trial.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

George Harvey was convicted of possessing a still, and he appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

Counsel argue for error on the trial, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The unexplained possession of any part of a still is prima facie evidence of a violation of the law. Acts 1919, p. 1086, § 2.

FOSTER, J. The defendant was convicted for the unlawful possession of a still.

The evidence for the state tended to show that certain state law enforcement officers searched the house of the defendant and found several jugs and bottles that had had whisky in them, but failed to find any whisky there; that they found on the premises of the defendant, about 60 or 70 yards from his house, "two barrels of beer, a trough, and a still," and a 30-gallon barrel of beer in his crib, "corn and sugar fermented"; that there was alcohol in it, and it was for making whisky. After proper predicate was laid, the state introduced evidence that the defendant told the officers he would show them where he made his "shine"; that he carried them to a point where he brought out 100-pound lard can, a trough, and a cap; that they found no worm; that the defendant said he borrowed the worm; that the cap was on the can which was black and smutty; and that there was a place where it had been used. A state's witness testified, "That is the kind of apparatus that is or can be used for making whisky," and that defendant said he had been making whisky "off and on for 15 years."

The defendant denied making an admission that the still was his, or that he had borrowed a worm, denied ownership of or control over the still, or that it was found on his premises, or that he had any beer, or that the jugs and bottles had contained whisky. Defendant denied telling the officers anything they said he told them.

There was evidence of the good character of the defendant.

The officers testified on cross-examination that they did not know on whose premises the still was found.

[1-4] It is earnestly insisted by counsel for defendant that the evidence was not sufficient to prove the guilt of the defendant beyond a reasonable doubt, and that the general affirmative charge for the defendant should have been given. The evidence failed to show a complete outfit, the worm not having been found. Under the provision of section 2 of Acts of 1919, p. 1086, the unexplained possession of any part of a still suitable to be used for making prohibited liquors is prima facie evidence of a violation of the law. If the jury believed the evidence for

the state beyond a reasonable doubt, the absence of the worm was accounted for by the defendant in his statement that he borrowed it. This was denied by the defendant. But the weight to be given the testimony of the witness was a question for the jury. A conviction for the unlawful possession of a still will be sustained upon confession by the defendant that a still found on his premises belonged to him, a part (the worm) not being found, but the defendant accounting for its absence by stating that he had borrowed it, and the admission of the defendant that he had been making whisky, and proof that there was fermented beer found in his crib such as is used for making whisky and other circumstances tending to show that he had made whisky, and that the parts of the still found were suitable to be used for the purpose of making prohibited liquors. The denial by the defendant of the possession of the parts of the still does not tend to explain his possession. We cannot say that the trial court was in error in refusing the affirmative charge for the defendant.

The objections to the evidence were obviously without merit and are not insisted upon in brief of counsel for the defendant.

The record fails to disclose any error, and the judgment of the circuit court is affirmed.

Affirmed.