(109 So. 281)

### WHIGHAM v. STATE.   (I Div. 677.)

(Court of Appeals of Alabama.   June 15, 1926. Rehearing Denied June 29, 1926.)

**1. Intoxicating liquors ⬳236(19).**

Under Code 1923, § 4657, evidence of possession of lard can, cap, and mash ready for distillation, warranted inference of possession of complete still, in violation of section 4656.

**2. Criminal law ⬳1159(1).**

Guilt of possessing still *held* for jury, not appellate court, notwithstanding persuasive explanation of defendant's testimony as to possession.

Appeal from Circuit Court, Clarke County; John McKinley, Judge.

Nathan Whigham was convicted of unlawfully possessing a still, and he appeals. Affirmed.

John E. Adams, of Grove Hill, for appellant.

Defendant was entitled to the affirmative charge, and its refusal was error. Gilbert v. State, ante, p. 175, 106 So. 217; Wheat v. State, 19 Ala. App. 538, 98 So. 698; Gay v. State, 19 Ala. App. 238, 96 So. 646.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Under the evidence, the court was authorized in submitting the case to the jury. Berry v. State, 20 Ala. App. 102, 100 So. 922; Harvey v. State, 20 Ala. App. 264, 101 So. 512.

SAMFORD, J. [1] Section 4657 of the Code of 1923 provides that the unexplained possession of any part or parts of any still, or any device or substitute therefor, commonly, or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages, shall be prima facie evidence of a violation of the preceding section

---

(4656). The evidence for the state tended to prove that the "lard can" and cap found in defendant's possession were commonly used for the purposes denounced by the statute. If the jury believed the state's evidence beyond a reasonable doubt, they could from the possession of the lard can and cap found, together with the possession of two one-half barrels of mash, ready for distillation, legally draw the inference that defendant was in possession of the entire and complete still. Berry v. State, 20 Ala. App. 102, 100 So. 922; Harvey v. State, 20 Ala. App. 264, 101 So. 512.

[2] We are impressed with the persuasive explanation of defendant's testimony relative to the possession, but the question of guilt under the indictment was one of fact for the jury, and not for this court.

The judgment is affirmed.

Affirmed.