(113 So. 478)

## JONES v. STATE. (6 Div. 135.)

Court of Appeals of Alabama. June 30, 1927.

Curtis, Pennington & Pou, of Jasper, for appellant.

142

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. Section 5411 of the Code 1923 provides:

"Any person who has carnal knowledge of any girl over twelve and under sixteen years of age, or abuses such girl in the attempt to have carnal knowledge of her, must, on conviction, be punished at the discretion of the jury, by imprisonment in the penitentiary for not less than two nor more than ten years."

The above statute does not apply to boys under 16 years of age.

The appellant was indicted for the above offense, and the evidence shows that the girl in question was under 16 years of age, and the sister of his wife.

■ The conviction of this man rested upon the testimony of the girl in question, coupled with some evidence tending to show his flight. It is insisted that the evidence of the girl, one Flora Crawford, was replete with contradictions, uncertainties, and was indefinite; that she testified on her direct examination: "It was about 12 o'clock in the day"; and, upon her cross-examination immediately following: "It was between 2 and 3 o'clock." It is also insisted that the testimony of this witness was wholly unreasonable and inconsistent, etc. Whatever merit there may have been in these several insistences was for the jury, and not for this court, to determine.

■ It is earnestly insisted that the adverse rulings of the court on the admission of evidence tending to show that the defendant was drinking, or under the influence of liquor to some extent, at the time of the commission of the offense, should effect a reversal of the judgment of conviction in this case. Pretermitting the merit of these insistences, we note that this question was first injected into this case by the defendant on the cross-examination of the prosecutrix. This being true, the simplest rules of evidence permitted the state on the redirect examination of this witness to go into this question which had been brought out by the defendant. It follows that the numerous exceptions of defendant to the rulings of the court upon the examination of this witness on redirect examination are without merit. For the reason stated, and also as a part of the res gestæ, this character of examination was permissible. But not so as to the other and further examination of several witnesses on the question as to whether the defendant "took a drink," or "gave a drink of liquor to witness Jackson," at a later period in the day, and several hours after the alleged commission of the offense. This was no part of the res gestæ, and was foreign to the issues involved. It was highly prejudicial, and had no place upon the trial of this case. The court's several rulings in this connection were error.

■ The state offered evidence of the flight of the defendant from that neighborhood after the alleged commission of the offense; but, on objection by the state, the court declined to allow the accused to offer explanation of such flight.

These several rulings of the court are conceded to be error by the Attorney General representing the state in this case before this court, and he cites as authority for this position the case of Gilbert v. State, 20 Ala. App. 28, 100 So. 566.

In the Gilbert Case, supra, this court said:

"In a prosecution for crime it is permissible for the state to offer proof of the flight of the defendant from the neighborhood of the crime as a circumstance tending to show the guilt of the accused. But, where a crime has been committed, and proof of flight of the accused is offered, or evidence tending to show that the defendant absented himself from the community in which the alleged crime was committed, the probative force, or the value of the fact of flight depends entirely upon the purpose of the defendant in thus absenting himself from the community. The question as to why the defendant left the community and remained away from it becomes a question for the jury; therefore, when the state offers proof tending to show that the defendant fled from the community, it is permissible under the rules of evidence to allow both the state and the defendant to show all those things which the defendant said and did when he left, and while away from the community, which tend to explain his flight, the quo animo thereof; whether the absence of the defendant was due to a sense of guilt, or his desire to avoid arrest, or through fear of arrest, or, on the other hand, whether his absence was due to other causes. Flight, means, as a rule, when used in connection with a prosecution for crime, that the defendant absented himself from the community of the crime out of a sense of guilt, out of fear of, or to avoid, arrest, and, as stated, any word or act of the defendant while in flight—i. e., while away from the neighborhood of the crime—tending to explain the reason for his absence is admissible as a part of it.

"Of course the defendant, under this rule would not be permitted, to get before the court or jury his declaration that he is not guilty of the crime as this would clearly come within

the rule against allowing self-serving declaration; but the evidence which a defendant may offer on this question, as tending to rebut the idea that his absence was in fact a fleeing from justice, are such acts and declarations of his while absent which may tend to show that his absence from the community was due to an entirely different cause. In other words, when flight is offered as a circumstance tending to show the guilt of defendant, the important question is, as to whether, during his absence, the defendant is to be regarded as having been a fugitive from justice, or whether he is to be regarded as having been absent for an innocent and lawful purpose disassociated with any idea of the crime."

It would appear that the rule hereinabove announced is specially applicable to the different phases of the case at bar, as shown by the facts.

Other questions are presented, but need not be discussed. For the errors indicated, the judgment of conviction, from which this appeal was taken, is reversed, and the cause remanded.

Reversed and remanded.