(116 So. 308)

**DAUGHERTY v. STATE.** (7 Div. 419.)

Court of Appeals of Alabama. March 27, 1928.

S. W. Tate, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

SAMFORD, J. ██ The defendant was indicted on two counts: (1) Manufacturing whisky. (2) Unlawfully possessing a still. The evidence discloses that if the crime was committed, it was committed jointly with one Fuller, although Fuller is not included in this indictment. Therefore everything said and done by either party prior to the crime or while they were engaged in its consummation was admissible in evidence and binding on this defendant. Lancaster v. State, 21 Ala. App. 140, 106 So. 609. In referring to and describing what was being done by the defendant and his associate jointly in the erection of the still, it was proper to allow the witness to refer to them as "they."

██ It was not proper for the solicitor to "jibe" at defendant's counsel reflecting on his education or the improper use of English, but unless such "jibes" or "reflections" are such as that they tend to prejudice the defendant's cause before the jury, a motion to withdraw the case and for a mistrial is properly overruled.

██ There was evidence on the part of the state tending to prove a complete still. This is a continuing offense, and any evidence tending to connect the defendant with its possession at any time would be admissible, and the inquiry need not be confined to the time of the arrest. We have many times decided this question.

██ There being evidence tending to prove possession, the general charge as to the second count was properly refused, and we may here add that the court correctly charged that if the possession was by the defendant alone or jointly with another he would be guilty.

██ The refusal of the court to give the general charge for defendant as to the first count of the indictment presents a different question. There was no evidence tending to prove that the still had ever been used or that any liquor had been distilled, nor was there any evidence that the contents of the barrels found at the place contained alcohol. We held by a divided court in Glaze v. State, 20 Ala. App. 7, 100 So. 629, that beer which contained alcohol was a prohibited liquor within the meaning of the statute, but this court does not judicially know that all "beer" contains alcohol, or at what stage such liquor becomes a violation of law, nor does the court judicially know the ingredients of "beer" such as was found in this case. There is no evidence here disclosing what was used in putting up the beer, how old it was, or whether it had reached that stage where, if the proper ingredients were used, it contained alcohol. One of the state's witnesses was asked the question if the beer contained alcohol, but for some reason this question was not answered; presumably he did not know. Neither does this court. Another thing, while there was evidence tending to prove that this defendant and another were in possession of the contents of the barrels, there was no evidence that either of them ever had anything to do with making or mixing the contents thereof. The court should have given the general charge for defendant as to the first count, and failure to do this constituted reversible error. Mayes et al. v. State (Ala. App.) 115 So. 291;[1] Brasher v. State, 21 Ala. App. 309, 107 So. 727; Cole v. State, 21 Ala. App. 22, 104 So. 866.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

[1] Ante, p. 316.