(1°° So. 713)

**HIGGINBOTHAM v. STATE.**

7 Div. 689.

Court of Appeals of Alabama.
June 30, 1930.

Rehearing Denied Aug. 19, 1930.

Frank B. Embry, of Pell City, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

There was sufficient evidence, if believed by the jury beyond a reasonable doubt, to sustain a conviction on the second count of the indictment which charged the unlawful possession of a still, etc. The defendant and Burt Guff, who was tried jointly with this defendant, were shown to have been in possession of parts of a still commonly used or suitable to be used in the manufacture of prohibited liquors. Where this is shown to the satisfaction of a jury, it becomes a question of fact as to whether the defendant was in possession of the complete still. It frequently happens that a defendant has in his possession only a part of a still which is found or seen, and, when this is the case, the burden rests upon him of overcoming the prima facie case. The cases of Daugherty v. State, 22 Ala. App. 400, 116 So. 308, Pouncey v. State, 22 Ala. App. 455, 116 So. 803, Suggs v. State, 22 Ala. App. 311, 115 So. 289, and Dickey v. State, 22 Ala. App. 375, 115 So. 848, are easily differentiated from the case at bar. Cases more in point in stating the law applicable to this case are Pruitt v. State, 22 Ala. App. 353, 115 So. 698; Whigham v. State, 21 Ala. App. 454, 109 So. 281.

While the question asked state's witness, "Was the tin can there that he described part of an outfit suitable for the manufacture of liquor?" called for a conclusion, the witness had already answered without objection that the tin can was suitable for manufacturing whisky. The error was without injury.

When the defendant was on the witness stand, he was asked if he did not make a certain statement. To this he answered "No." On rebuttal the state offered a witness who testified that defendant did make the statement. This last was admitted without objection. The predicate was laid for impeachment, and it was proper to allow it to be done. If the proof of the statement was a confession, it should have been objected to on that ground when the state offered evidence to prove it.

There is no error in the record, and the judgment is affirmed.

Affirmed.