142 So. 675

## HAYES v. STATE.

### 6 Div. 159.

Supreme Court of Alabama.

June 16, 1932.

Pennington & Tweedy, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

**KNIGHT, J.**

The defendant was indicted and tried for, and convicted of, the offense of murder in the second degree, and from such conviction the present appeal is prosecuted.

On the trial, the defendant reserved numerous exceptions to the ruling of the court on admission of testimony. We have considered carefully each question, wherever objection was made and exception was reserved. The defendant's counsel has filed an elaborate brief on this appeal, which deals with but comparatively few of the exceptions. With engaging candor and commendable frankness appellant's attorneys, in concluding their brief, have this to say: "We have only argued to this court the points which we thought constituted reversible error. The court will notice that we only argued three charges to

the court. There were several other charges refused, and think that they should have been given. We have also argued to the court only matters of evidence which we think will constitute a reversal of this case."

The record presents another case of too much whisky and the ever present pistol, with resultant sequel, a human life has paid the price.

The evidence, even that offered by the state, would tend to show that the defendant did not provoke the difficulty, but rather, in some sort of way, seemingly attempted to discourage it, and that it was the deceased who, without apparent provocation, uttered the first insulting words and struck the first blow. The deceased had been drinking, and when the defendant drove up in his car and stopped within a short distance of the restaurant of T. B. Willis, where the difficulty occurred, it was the deceased who, after walking up to defendant's car, began a conversation with defendant and applied to defendant a most offensive epithet, and then struck defendant.

The evidence is in dispute as to what occurred after the first blow was struck by deceased. The defendant was at that time in his car, sitting under the steering wheel. The evidence was such as to require the submission of the case to the jury. If the state's testimony was to be believed by the jury, they could well have found the defendant guilty of murder in the second degree. Under the evidence, and defendant's plea of self-defense, the case was essentially one for the jury to decide, under the principles of law applicable to such cases.

■ Upon the examination of Lum Tittle, a witness called and examined on behalf of the state, the following question was propounded to him by the solicitor: "I will ask you if the defendant was drinking when he left?" Counsel for defendant objected to the question on the grounds that it called for incompetent, irrelevant, and immaterial evidence. Thereupon the following occurred, as shown by the bill of exceptions:

"The court inquired: If the defendant was drinking?

"Counsel for defendant stated, 'Yes.'

"The court inquired, 'When he left?' "

Counsel for defendant stated: "Yes, sir.

"The court overruled said objection, to which action of the court in overruling said objection, the defendant then and there duly excepted.

"The solicitor inquired: 'Your Honor, I just want to know whether Mr. Pennington would object to that or not.'

"Counsel for defendant stated: 'I object to him getting up and making a speech. The court has ruled with the gentleman.'

"The solicitor stated: 'Yes, but your Honor, I guess, under one case we tried here, you can't prove that of the defendant.'

"Counsel for defendant stated: 'Your Honor, I think he ought to be held in contempt and put in jail.'

"The court: 'Do you withdraw that question?'

"The solicitor replied: 'Yes, sir, and I will ask the court to change the ruling.' "

The court instructed the jury: "Gentlemen, what the witness testified about the defendant drinking is not before you and is not to be considered by you."

Thereupon the defendant moved the court to enter a mistrial in the cause "on account of the attitude the solicitor has assumed in this case." The court overruled the motion, and the defendant duly excepted to the ruling of the court.

Whether the court's ruling on the question propounded to the witness Lum Tittle was erroneous or not, which is a question we need not decide, the court excluded the answer, and instructed the jury not to consider the same. We do not think the evidence, originally admitted, created such an ineradicable impression upon the jury that they could not obey the order of the court not to consider it. Nor are we inclined to the opinion that such severe punishment, as was suggested by counsel to the trial judge, should have been visited upon the solicitor for the state for asking the quoted question of the witness Lum Tittle. It is true that, if the solicitor had doubts as to the legality or propriety of the question, that very fact should have suggested to this officer of the state to refrain from propounding the question. It appears from the bill of exceptions that the defendant's counsel had sought to show that the deceased had been drinking several hours before the difficulty. Just a minute or two before the solicitor asked the witness the above question, the defendant's counsel had asked this same witness this question, "Were you all drinking from the time you left Carbon Hill until you got out to leave them that afternoon?" The solicitor had objected to the question, and the court had overruled his objection. The bill of exceptions then shows this to have occurred between the solicitor and counsel for defendant in the presence of the court and jury:

"We admit he (deceased) was drunk."

Thereupon counsel for defendant stated: "All right, if the State admits that Lynn was drunk at the time of the shooting, I won't ask any other questions."

The solicitor then stated: "I will admit he was drinking, if you admit the defendant was drinking."

Then it was counsel for defendant stated: "No, I won't, I want you to prove it."

To which the solicitor rejoined, "Well, we won't admit it then."

In view of counsel's statement, in the nature of a challenge, we are not prepared to follow counsel in his criticism of the solicitor, at least to the point of holding there was reversible error on the part of the court in refusing to take the case from the jury, and entering a mistrial.

It will be observed that defendant's motion for mistrial was not based upon any error committed by the court, but upon the attitude the solicitor had assumed in the case.

■ It is insisted for error that the court committed error in permitting the state, over timely objection of defendant, to prove by the witness Murry Hinton that he detected the odor of whisky in the defendant's car something like an hour or two after the killing, while the car was still standing within two or three feet, possibly closer, to the body of the deceased. The defendant was not present at the time. Some one else was then in the car. We are of the opinion that the car was a part of the locus in quo, and the testimony would have been admissible, coupled with proof that the person then in the car was not the source from which this odor of whisky emanated or that some one else had not put the whisky in the car. In the absence of proof that the odor of whisky in the car was due to the agency of the defendant, we are of the opinion the court erred in overruling defendant's objection to the question propounded to the witness Murry Hinton, "Did you smell whisky in that car when you opened it?"

The cases of Jones v. State, 22 Ala. App. 141, 113 So. 478, Twitty v. State, 168 Ala. 59, 53 So. 308, and Patterson v. State, 23 Ala. App. 428, 126 So. 420, cited by appellant, are not authorities in point. These cases refer to happenings after the difficulty, and which were no parts of the res gestæ.

■■ The defendant requested the court in writing to charge the jury: "10. The law gives a person the same right to use such force as may be reasonably necessary under the circumstances by which he is surrounded to protect himself from great bodily harm as it does to prevent his life being taken, and such person may excusably use this necessary force to save himself from a felonious assault."

This charge has received the approval of this court. It asserts a sound proposition of law, was not abstract, and, not having been covered in the oral charge of the court, or in any written charge given in the case, its refusal was error. Twitty v. State, 168 Ala. 59, 53 So. 308; Richardson v. State, 204 Ala. 124, 85 So. 789; Black v. State, 5 Ala. App. 87, 59 So. 692; Bailey v. State, 11 Ala. App. 8, 65 So. 442. This charge did not attempt or profess to set out the constituent elements of

self-defense, but dealt with the question only as to whether great bodily harm threatened is equal to life threatened, so as to justify the resort to force to repel the felonious assault. This has been considered by this court the scope and effect of the charge. Authorities supra.

The defendant also requested the court in writing to charge the jury as follows: "36. A bare fear of the commission of the offense to prevent which the defendant used a pistol, is insufficient to justify it, but the circumstances must be sufficient to excite the fears of a reasonable man, and the attacking party must be acting under the influence of such fears alone. It is not necessary, however, to justify the use of a deadly weapon, that the danger be actual. It is enough that it be apparent danger, such an appearance as would induce a reasonable person in defendant's position to believe that he was in immediate danger of great bodily harm. Upon such appearances the defendant had the right to act with safety; nor will the defendant be held accountable, though it would afterwards appear that the intention upon which he acted was wholly untrue and fallacious, and that in fact he was in no actual peril. The rule in such a case is this: What would a reasonable person, a person of ordinary consideration, judgment and observation, in the position of the defendant, seeing what he saw, and knowing the condition and character of the deceased Lynn, and knowing what he knew about the situation, honestly believe from this situation and these surroundings? If such reasonable person so placed as the defendant was placed at the time, would have been justified in believing himself in imminent danger, then the defendant would be justified in believing himself in such danger, and in acting upon such appearances."

■ This charge also asserts, in the view of the writer, concurred in by Justice Thomas, a correct proposition of law, was not abstract, nor covered by any special charge given in the case, nor was it covered by anything said in the court's oral charge. Its refusal was error in the opinion of the writer and Justice Thomas. Twitty v. State, supra; Holland v. State, 24 Ala. App. 199, 132 So. 601; Black v. State, supra. The majority of the court are of the opinion that the charge was properly refused as being argumentative and misleading, if not otherwise faulty.

■ We note the trial court's statement of the three elements, which are included in a plea of self-defense. The third element stated by the court may be too exacting. However, we deem it unnecessary to determine that question, as the case must be retried because of the error above pointed out. Doubtless on another trial the court will adhere to what is said in the case of Jackson v. State, 77 Ala. 18, and other cases in line with that case. The essential elements of self-defense are:

256

(1) The defendant must be free from fault; that is, he must not say or do anything for the purpose of provoking a difficulty, nor must he be disregardful of the consequences in this respect of any wrongful word or act. (2) There must be a present impending peril to life, or of great bodily harm, either real or so apparent as to create the bona fide belief of an existing necessity, and the defendant must have been so impressed. And (3) there must be no convenient or reasonable mode of escape by retreat or declining the combat.

For the errors pointed out, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.

All the Justices concur.