45 So.2d 698

### Ex parte STATE ex rel. ATTORNEY GENERAL.

### MAY v. STATE.

### 8 Div. 553.

Supreme Court of Alabama.

April 13, 1950.

A. A. Carmichael Atty. Gen, and Jas. L. Screws, Asst. Atty. Gen., for petitioner.

Scruggs & Scruggs, of Guntersville, opposed.

BROWN, Justice.

The Court of Appeals reversed the judgment of conviction because the solicitor did not lay a proper predicate for the admission of testimony showing contradictory statements of witnesses made out of court as impeaching their testimony given on the trial by calling to the attention of the witness on cross-examination the alleged contradictory statements, giving the time, place and person to whom the same were made. Bridges v. State, 225 Ala. 81, 142 So. 56; Pittman v. Calhoun, 231 Ala. 460, 165 So. 391; Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697.

The Court also predicated error to reverse on the refusal of the appellant's charge 29 couched in the following language: "The Court charges the jury that the law gives a person the same right to use such force as may be reasonably necessary under the circumstances by which he is surrounded to protect himself from great bodily harm as it does to prevent his life being taken. *He may excusably use this necessary force to save himself from any felonious assault.*" [Italics supplied.] This charge was first approved in Twitty v. State, 168 Ala. 59, 68-69, 53 So. 308, 312, on the theory as stated in the opinion that, "It does not profess to set out the ingredients of self-defense but *dealt only with the question as to whether great bodily harm*

*threatened in equal to life threatened,* so as to justify the use of force." [Italics supplied.] This holding was reaffirmed in Hayes v. State, 225 Ala. 253, 142 So. 675. (See Charge 10 on page 255 on the same ground.)

The fact that this identical charge (charge 3) was condemned in Robinson v. State, 213 Ala. 691, 692, 106 So. 134, 136, because it "failed to state that defendant was free from fault" was overlooked. A similar charge, charge 2, was held refused without error because it substituted "as is due" instead of "as it does" immediately before "to prevent * * * life [from] being taken." Richardson v. State, 204 Ala. 124, 85 So. 789, 795.

The charge would be free from criticism if the last clause, *"He may excusably use this necessary force to save himself from any felonious assault"* had been omitted. This statement in the charge not only renders it misleading but inherently unsound in that it authorizes the use of such force to defend against a "felonious assault" *provoked by the defendant,* and left it to the jury to determine what constituted a "felonious assault."

The case of Twitty v. State, 168 Ala. 59, 68-69, 53 So. 308, which holds that it was error to reverse to refuse charge 12 in that case and Hayes v. State, 225 Ala. 253, 142 So. 675, holding that it was error to reverse to refuse charge 10 in that case are here modified for the reasons stated in this opinion.

Moreover the oral charge and the special written charge 35 given for the defendant state fully and clearly in substance that "great bodily harm threatened is equal to life threatened so as to justify the use of force." The court in its oral charge stated: "* * * that is, that the defendant must not say or do anything to provoke or bring on the difficulty and he must not be unmindful of the consequence of this or any other wrongful word or act on his part. Second, there must be a present impending peril to life or danger of great bodily harm, either real or so apparent as to impress on the mind of an ordinarily reasonable man a reasonable belief of an existing necessity to do the act that he did. Third. There must be no reasonable mode of escape from the threatened injury to the defendant without increasing his danger. That is, increasing his danger of losing his life or of suffering bodily harm himself. * * *"

And the court gave also for the defendant, as stated above, the following written charge: "35. The Court charges the jury that if they are reasonable satisfied from the evidence in this case that at the time the defendant fired the fatal shot he was in *imminent danger of losing his life or suffering grievous bodily harm* at the hands of the deceased, or reasonable appeared to be in such danger and honestly fired the fatal shot under such belief, then your verdict should be for the defendant, unless you are satisfied beyond all reasonable doubt from the evidence in this case that the defendant entered the fight willingly, or was at fault in bringing on or encouraging the difficulty; and I charge you as a matter of law that, if you are reasonably satisfied from the evidence that he was in danger as I have just defined, or reasonable appeared to be in such danger, then to fire the fatal shot in honest belief of such danger, with the intent and fixed purpose to kill would not constitute entering the fight willingly, so as to cut off his right of self-defense, as I have defined the ingredients of self-defense to you; * * *."

Because of the failure of the state to lay a proper predicate as pointed out in the first part of this opinion, the petition for certiorari is due to be denied. It is so ordered.

Writ denied.

FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur in this opinion.

SIMPSON, J., concurs in the result.