The appellant was indicted and convicted for the offense of possession of marijuana. After a trial at which the appellant was represented by two court appointed attorneys, the jury found him guilty and imposed a fine of $5,000.00. In addition the trial judge sentenced the appellant to fifteen years' imprisonment.
On the afternoon of November 17, 1975, about three hundred law enforcement officers were searching for the appellant in the western section of Mobile, Alabama. The appellant and his companion were being sought for the murder of two deputy sheriffs. See Chatom v. State, Ala.Cr.App., 348 So.2d 828, judgment reversed, Ala., 348 So.2d 838, on remand, Ala.Cr.App.,348 So.2d 843 (1976). That same afternoon the appellant was apprehended by officers of the Pascagoula, Mississippi, Police Department and turned over to the Mobile County Sheriff's Office. He was then placed under arrest in Alabama and taken to the Mobile County Jail.
At the jail the appellant was searched and in his pocket was found a plastic bag containing marijuana. The bag contained approximately one-fifth to one-tenth of an average size "lid" and was enough to roll five or six average size cigarettes. This was about five or six dollars worth of marijuana.
The appellant presented no evidence to contradict that presented by the state. His only witness, a deputy for the Mobile County Sheriff's Office, testified that it was his understanding that the appellant was arrested in Mississippi by Mississippi authorities and brought back into the State of Alabama.
 I
Initially the appellant contends that it was error for the trial judge to allow the District Attorney to choose, on the morning of the trial, which of four cases would be tried, after granting defense counsel's motion requiring an election.
For clarity, the operative facts must be detailed. Defense counsel was appointed to represent the appellant on four cases: three receiving and concealing stolen property cases which were "similar" and one charge of possession of marijuana. On September 8, 1976, defense counsel filed a Motion to Elect requesting that
 "your Honor order that the district attorney will elect which case he will try on *Page 1070 
September 15, 1976 (trial date), and that your Honor will further order that the district attorney so inform the defendant."
This motion was heard on September 14, 1976, the day before the scheduled trial date. The trial judge granted this request and ordered the state to elect between either the three receiving stolen property cases or the drug case before noon of that same date.
On September 15, 1976, the appellant's trial was continued and reset by agreement of both parties, defense counsel having filed a "Motion for Change of Venue and/or Continuance". The appellant was finally tried on February 28, 1977.
Immediately before trial defense counsel represented to the trial court that they had never been told which case the District Attorney was going to try although the court had granted their motion to elect and they had requested that information from the District Attorney.
The trial judge found that the appellant had been last scheduled for trial on November 1, 1976, but that the case had been continued. The judge stated that if the District Attorney had not complied with his order, defense counsel should have filed another motion.
We know of no rule of law or practice which requires the District Attorney to give defense counsel advance notice of the order in which separate indictments against an accused will be prosecuted.
 "In the absence of statutory regulation otherwise, it is within the discretion of the trial court, or of the prosecuting attorney, subject to the control of the court, to determine the order in which cases shall be tried, where separate trials are granted on a joint indictment, or where different indictments or counts against the same person are tried separately, or where different defendants are separately indicted, and the court's exercise of discretion will be upheld in the absence of abuse." 23 C.J.S. Criminal Law § 932, at pp. 694-695.
Under the circumstances of this case the appellant is not entitled to a new trial because of the failure or refusal of the District Attorney to inform him of which case would be tried first. The motion, though filed seven days before trial, was set down for hearing and actually heard only the day before trial. The record contains no objection by defense counsel to this procedure. As a practical matter we fail to see how a motion to elect, the very purpose of which is to afford the defendant and his attorneys time for preparation on a specific charge, will benefit counsel when granted the day before trial. In this posture, the function of the motion is frustrated by the late determination.
Additionally, the motion itself specifies that the District Attorney inform defense counsel of which case would be tried on September 15th. Trial was not had on that date but was continued and the motion was not refiled or amended. Under these circumstances there was no court order requiring the District Attorney to inform the appellant of which case would be tried on February 28, 1977.
The trial judge stated and his manner indicated that he was favorable toward requiring the prosecution to elect. Despite this, the court was not informed of the prosecution's failure to elect until the day of trial. Though defense counsel complained of the failure of the state to elect no relief was requested and the trial court was not requested to take any specific action.
Finally it must be noted that the appellant has shown no prejudice by the state's failure and the rulings of the trial court. If the failure of the state to inform an accused, facing separate indictments, of the order in which they will be tried is to work a reversal, it can only do so where a proper and timely request has been made by defense counsel and the failure to inform or elect results in actual prejudice to the accused.
 II
It is asserted that it was error for the trial judge to refuse the appellant's requested *Page 1071 
charges directing the jury that they could not find him guilty of felonious possession of marijuana. The appellant contends that
 "based on the overall consideration of amount and lack of any evidence to the contrary, . . . the jury had no basis in fact on which to convict the appellant of felonious possession."
The basis of this assignment of error was considered inRoberts v. State, Ala.Cr.App., 349 So.2d 89, 92-93, cert. denied, Ala., 349 So.2d 94 (1977). There, after some discussion of the controlling principles, we concluded:
 "The statute prohibits the possession of any amount of marijuana. The burden is upon the accused to show that the amount possessed, however large or small it may be, is for personal use only. The state is not required to prove that the marijuana is possessed for the purpose of sale under an indictment charging, as here, mere possession. Title 22, Section 258 (47)." Roberts, supra, at 349 So.2d 93.
In this case there was no evidence presented by either the prosecution or the appellant on the issue of the use of the marijuana involved. Since the degree of possession — whether felony or misdemeanor, depends upon the use of marijuana and not the quantity involved, and since the state need not prove that the marijuana was possessed for purpose of sale, the trial court was not in error in failing to give the requested instructions.
 III
The appellant also assigns three arguments of the District Attorney as constituting reversible error.
 A.
In the opening statement to the jury the prosecutor made the following comment:
 "We expect the evidence to go along this line that back on November 17, 1975, Detective Larry Tillman, Detective Albert Stroh, in the western part of Mobile County, in participation of one of the biggest manhunts this county has ever seen —"
The trial judge sustained the objection of defense counsel and instructed the jury to exclude the statement of the "massive manhunt" from their consideration. The trial judge also found that defense counsel, in his argument, had "brought out a matter along the same line you are objecting to".
Under these circumstances, the action of the trial court cured any possible error in the prosecution's retaliatory remarks. 6A Alabama Digest, Criminal Law, 730 (1), 730 (16).
 B.
In closing argument the prosecutor stated:
 "I don't have to tell you that the number one problem in our Country is the drug problem."
The trial court overruled defense counsel's objection. We find this to be within the range of permissible references to the frequency of offenses and properly an appeal for law enforcement. Embrey v. State, 283 Ala. 110, 214 So.2d 567
(1968); 6A Alabama Digest, Criminal Law 723 (3).
The prosecutor continued:
 "Thank you, Judge, I will start over. I don't have to tell you that the number one problem in our Country today is the drug problem. You can look at our Court docket and see it, not only minor cases, but most of the crimes you see today, you can point right back to drugs."
The trial judge sustained defense counsel's objection to that argument. Defense counsel made no motion to instruct the jury, no motion to strike or exclude and no request for a mistrial. He has no adverse ruling from which to appeal. The action of the trial court is not error. Wilburn v. State, 41 Ala. App. 681, 149 So.2d 296 (1963); Elliott v. State, 19 Ala. App. 263,97 So. 115 (1923). In view of the action of the trial judge, we need not determine whether the statements by the prosecutor were a proper reference to the character of the offense and appeal to law enforcement. *Page 1072 
 C.
The appellant also complains that the prosecutor made a derogatory reference to his counsel in the following exchange:
 "MR. FRIEDLANDER (Defense Counsel): Judge, I would ask that one further thing, that Detective Tillman be asked by the Court to get back here behind the table instead of sitting here glaring at the jury.
 "MR. VALESKA (Chief Assistant District Attorney): I guess Mr. Friedlander wants to be the Judge in this case, also. There is no other seat here.
 "MR. FRIEDLANDER: We will move down. We have got plenty of room.
 "THE COURT: Well, I think he was moving the Court to do that.
 "MR. VALESKA: I wouldn't want to sit any closer to them than I would have to either."
There was no objection made to this remark.
"Remarks or argument of the prosecutor criticizing, disparaging, or vilifying accused's attorney ordinarily are improper", 23A C.J.S. Criminal Law § 1090 at p. 130, and exceed the bounds of legitimate argument. Reynolds v. State,31 Ala. App. 259, 263, 15 So.2d 600, cert. denied, 245 Ala. 47,15 So.2d 605 (1943); Watercutter v. State, 21 Ala. App. 248,108 So. 870 (1926); Daugherty v. State, 22 Ala. App. 400,116 So. 308 (1928); Taylor v. State, 22 Ala. App. 428, 116 So. 415
(1928); Little v. State, 34 Ala. App. 114, 39 So.2d 587, cert. denied, 252 Ala. 81, 39 So.2d 593; Scroggins v. State, Ala.Cr.App., 341 So. 967, cert. denied, Ala., 341 So.2d 972
(1976).
Sidebar remarks have no place in the trial of any case and should be studiously avoided by all parties as they tend to lessen respect for the judicial process and the adversary system of justice. Edgeworth v. State, 54 Ala. App. 93,304 So.2d 911 (1974).
While such remarks of "jibes" are improper they are not cause for reversal or mistrial unless they tend to prejudice the defendant's cause before the jury. Daugherty, at 22 Ala. App. 401,116 So. 308.
Even improper argument is not subject to review on appeal unless there is due objection in the trial court. This claim of error cannot be taken advantage of on appeal because there was no objection of any type to the prosecutor's remarks. Townsellv. State, 255 Ala. 495, 52 So.2d 186 (1951); Lee v. State,265 Ala. 623, 93 So.2d 757 (1957); Jackson v. State, 260 Ala. 641,71 So.2d 825 (1954).
 IV
The appellant alleges that reversible error was committed when the trial judge overruled the objection of defense counsel to the District Attorney's question:
 "Would you tell these ladies and gentlemen of the jury who David Beck and Robert Stoltz were?"
After the objection of defense counsel was overruled the witness answered:
 "Deputy David Beck and Robert Stoltz were the two officers that were killed on November 17, 1975."
The appellant asserts that this information was calculated to produce prejudice against the appellant and constituted evidence of a separate offense.
On November 17, 1975, three deputy sheriffs were shot down from ambush in a rural Mobile County. Two of the deputies died as a result of the shooting. The appellant was indicted, tried and convicted for the murders of the two deputies, Officers Beck and Stoltz. For a detailed statement of the facts, seeChatom v. State, Ala.Cr.App., 348 So.2d 828 (1976). After the appellant had been arrested for the murder of these two officers, he was searched and marijuana found in his pocket. Hence the prosecution resulting in this appeal.
Before the objected to testimony had been adduced, defense counsel, on cross examination of the same witness, had elicited testimony that the witness, Deputy Sheriff Larry Willis Tillman, had never smoked marijuana, "that the `mob squad' never used to go out and have pot parties and things like that", and that "Deputy Beck, *Page 1073 
Deputy Stoltz, none of those narcotics officers ever did that, . . .".
On redirect examination the state may examine the witness as to any matter injected into the case on cross examination by defense counsel within the discretion of the trial court. Jonesv. State, 22 Ala. App. 141, 113 So. 478 (1927); Schieffelin v.Schieffelin, 127 Ala. 14, 28 So. 687 (1900); Noel v. State,161 Ala. 25, 49 So. 824 (1909); Turner v. State, 25 Ala. App. 21,140 So. 445 (1932); Peyton v. State, 40 Ala. App. 556,120 So.2d 415, cert. denied, 270 Ala. 740, 120 So.2d 429, cert. denied,364 U.S. 870, 81 S.Ct. 114, 5 L.Ed.2d 93 (1960). For this reason we do not find the matter to constitute reversible error.
 V
In his last assignment of error, the appellant presents a novel defense to the charge of possession of marijuana. The matter was raised in the trial court by a motion to exclude the evidence.
The appellant argues that he was apprehended in Mississippi by law enforcement officials of that state and was forcibly brought back into Alabama where he was delivered into the custody of Alabama law enforcement officers. Therefore, the appellant contends he did not have the intent to break Alabama law by intentionally possessing marijuana in Alabama because he was involuntarily returned to this state. Secondly, the appellant argues that since he was handcuffed and in custody when returned to Alabama, he never exercised any manifest control over the marijuana found in his pocket.
Apparently this argument stems from the principle that possession has three attributes: (1) Actual or potential physical control, (2) intention to exercise dominion, and (3) external manifestations of intent and control. Radke v. State,52 Ala. App. 397, 398, 293 So.2d 312, affirmed, 292 Ala. 290,293 So.2d 314 (1974).
The appellant analogizes his situation to the rule that an accusation of drunkenness in a designated public place cannot be established by proof that the accused while in an intoxicated condition, was involuntarily and forcibly carried to that place by the arresting officers. The analogy is not appropriate.
The appellant does not contest the legality of his arrest either in Alabama or Mississippi. The trial judge found that the appellant waived extradition by not objecting to the manner in which he was returned to Alabama. No claim of impropriety has been advanced against the search which disclosed the marijuana. There is not even a mere postulation that the marijuana was placed in the appellant's pocket by anyone other than the appellant or that it was there without his knowledge. Additionally, it is clear that the presence of the marijuana was discovered only after the appellant had been arrested in Alabama on a separate and distinct charge than that under review. Finally, the evidence in this case does not disclose where the appellant was first apprehended. Deputy Tillman testified that he didn't know "for sure" where the appellant was when the Mississippi authorities apprehended him. Deputy Estes stated that it was his "understanding" that the appellant was arrested in Mississippi.
Under these circumstances we consider the appellant's argument to be without merit. The fact that the marijuana was found in the appellant's clothing which he was wearing places it of necessity within his domination or physical control — at least potentially or constructively for purposes of the statute against possession. It also raises a presumption that he placed the substance there and that he knew what it was. See Kinard v.State, Ala.Cr.App., 335 So.2d 916, reversed on other grounds, Ala., 335 So.2d 924, on remand, Ala.Cr.App., 335 So.2d 927
(1975); Coleman v. State, Ala.Cr.App., 344 So.2d 1249 (1977).
The allegation that the appellant did not intend to violate Alabama law is of no consequence. An accused need not intend to violate the law. The criminal intent follows from an unlawful or criminal act intentionally done, Nix v. State, 27 Ala. App. 94,166 So. 716, cert. denied, 232 Ala. 53, *Page 1074 166 So. 719 (1936), whether or not the accused actually knows he is violating the law. Weeks v. State, 24 Ala. App. 198,132 So. 870, cert. denied, 222 Ala. 442, 132 So. 871 (1931).
We have carefully searched the entire record and found no errors adverse to the substantial rights of the appellant. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.