JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant, Rodger Norvene, was charged by an indictment containing two counts, and returned against him by the Grand Jury of Madison County stating in count one that he did unlawfully possess pentazocine, and in count two that he unlawfully possessed phenmetrazine, in violation of the Alabama Uniform Controlled Substance Act. He entered a plea of not guilty, was found guilty as charged by a jury, and duly sentenced to be imprisoned in the penitentiary for two years. He appeals to this Court.
The appellant was represented at all proceedings in the trial court, and is represented in this Court, by counsel of his choice. This appeal was submitted on briefs.
The appellant states in his brief that the trial court erred to his prejudice in overruling his motion to exclude state’s evidence because at the time the state rested its case the motion pointed out that the state had not proven the prerequisite element of knowledge on the part of the appellant of the possession of the controlled substance.
State’s evidence tended to prove that in the early morning hours of May 17, 1982, officers Worley, Turner, Gibson, and Osborne, of the Huntsville Police Department, received a call to go to 490 Binford Court, Huntsville, Alabama, where someone allegedly was shooting into an apartment. The appellant and three other men were standing in front of Apartment 490, Bin-ford Court, when the officers arrived. All of them denied having a gun. The appellant was intoxicated, and was arrested on the scene for public intoxication. Officer Gibson found a .25 caliber Beretta automatic pistol in the back of a pickup truck in front of 490 Binford Court. The appellant was searched (patted down) at the scene,, and again at the police station, both times by Officer Turner, and on neither occasion was anything found on the appellant.
After arriving at the police station, the appellant was required to remove the contents of his pockets. Warden Palmer of the Huntsville Police Department took the appellant into another area of the booking room of the city jail and there conducted his routine search of the appellant and found tucked up inside the appellant’s right front blue jean pocket a small cellophane packet containing a bright orange pill and six lighter orange pills.
The cellophane packet was, through correct channels, delivered to Mrs. Martha Odom, Criminologist of the State of Alabama Department of Forensic Sciences, the Huntsville Division. The six (6) peach-colored tablets were found by her to contain pentazocine; and the orange tablet contained phenmetrazine, both substances listed on a schedule within the Alabama Uniform Controlled Substance Act. “Talwin” is the trade name for phenmetrazine, a synthetic narcotic or pain killer, and “preludin’’ is the trade name for pentazocine, a diet pill. Another officer, Warden Goode, administered a breath-alcohol test upon the appellant after he was booked, the result of which was a .20 percent blood-alcohol content. The appellant was arrested for violation of the Alabama Uniform Controlled Substance Act on September 15, 1982.
On a motion to exclude state’s evidence this Court is required to view state’s evidence most favorable to the state, and not substitute its judgment for that of the jury. Where the evidence presented by the state raises questions of fact for the jury, and if believed by the jury, and is sufficient to sustain a verdict of guilty, this Court should not disturb the jury verdict. Bozeman v. State, Ala.Cr.App. 401 So.2d 167; Writ Of Certiorari Denied, Ex parte Bozeman v. State, Ala. 401 So.2d 171; Cert. Den., 454 U.S. 1058, 102 S.Ct. 606, 70 L.Ed.2d 595; Gullatt v. State, Ala.Cr.App. 409 So.2d 466..
Appellant claims in his brief that the trial court erred to his prejudice in overruling his motion to exclude state’s evidence. With this contention we cannot agree. Under state’s evidence the question as to the *25 appellant’s knowledge of having the drugs was for the jury to decide. The drugs were found in the pocket of the clothes the appellant was wearing when he was searched. This is sufficient to sustain a jury verdict finding the appellant guilty as charged. Flippo v. State, Ala.Cr.App. 359 So.2d 1184; Chatom v. State, Ala.Cr.App. 360 So.2d 1068; Certiorari Denied, Ala. 360 So.2d 1074.
We have reviewed the entire record, and find no error prejudicial to the rights of the appellant. We hold that under the facts in this case the trial court did not err to the prejudice of the appellant by overruling his motion to exclude state’s evidence.
The judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.