(132 So. 870)

## WEEKS v. STATE.

1 Div. 942.

Court of Appeals of Alabama.
Jan. 13, 1931.

Rehearing Denied Feb. 24, 1931.

Woodford Mabry, of Grove Hill, and Alfred H. Crovatt, of Foley, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

Appellant was convicted for the offenses of distilling, etc., alcoholic, spirituous, malted, or mixed liquors, a part of which was alcohol; and also for the unlawful possession, etc., of a still to be used for that purpose. The court imposed the minimum punishment, and from the judgment of conviction this appeal was taken.

The exceptions reserved to the court's rulings upon the admission of evidence are so clearly without merit no discussion of the points of decision involved is necessary.

The evidence was in conflict. That for the state tended to show the active participation of this appellant in the operation of a large still. This he denied, but his presence at the still was shown by the undisputed evidence.

We are without authority to substitute ourselves for the jury on the question of fact as we are requested by appellant in this case. A careful perusal of the evidence convinces us that it was ample upon which to predicate the verdict of the jury and consequent judgment of conviction.

What we regard as the most serious insistence of appellant, and the main point relied upon for a reversal, is the exceptions reserved in connection with the oral charge of the court, for on these questions rather elaborate argument in brief appear. Upon examination of the purported exceptions to the oral charge of the court we find them abortive; that is to say, not properly reserved as the general and oft-expressed rule requires. The attempted exceptions were general and not directed to a particular, exactly designated statement of the court in the oral charge. At the conclusion of the oral charge, the court inquired: "Any exceptions?" To which counsel for appellant stated: "We except to the charge." And after further explanatory remarks by the court, the appellant said: "We except." As stated, this does not meet the required rule and attempted exceptions thus reserved present nothing for review. Bonner v. State, 107 Ala. 97, 18 So. 226; Alston v. State, 109 Ala. 51, 20 So. 81; Addington v. State, 16 Ala. App. 10, 74 So. 846; Friedman's Case, 187 Ala. 570, 65 So. 939, 941; Cowart v. State, 16 Ala. App. 119, 75 So. 711; Ex parte Cowart, 201 Ala. 525, 78 So. 879.

On the question of intent, so earnestly argued by counsel for appellant, the court properly charged the jury: "The law does not require a specific intent with respect to the manufacture of prohibited liquor or the possession of a still"—the crimes here charged. Intent is not the essence of a crime of this character. There is a presumption of law to the effect that every person intends to do that which he does, and the accused must be presumed to have designed not only what he did, but also the necessary consequences of his act. In other words, criminal intent necessarily follows from an act intentionally done, when such act is unlawful or criminal. In this state it is unlawful and criminal for a person to distill, manufacture, or make intoxicating liquors, or possess a still to be used for that purpose, and any person committing such acts, or aiding and abetting another so to do, is guilty of a felony. It is true intent is generally an element of crime, but whatever one voluntarily does he of course intends to do, and whenever an act is criminal, the party doing the act is chargeable with criminal intent. Every person is presumed to know the law, and ignorance of the law does not excuse the perpetrator of an unlawful act.

The charges refused to defendant were in some instances mere argument; some were abstract, and others were fully covered by the excellent oral charge of the court, or, by the charges given at request of defendant.

As stated, in this case a question of fact pure and simple is presented. The jury returned a general verdict of guilty as charged in the indictment and were fully justified in so doing under certain phases of the testimony and its tendencies. There appears no reversible error in any of the rulings of the court. The accused was accorded, in our opinion, a fair and impartial trial such as the law contemplates and accords.

Affirmed.