(136 So. 737)

. WORRELL v. STATE.

4 Div. 730.

Court of Appeals of Alabama.

Jan. 13, 1931.

Rehearing Denied May 12, 1931.

Chauncey Sparks, of Eufaula, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

Count 1 of the indictment, upon which the conviction of this appellant was predicated, charged him with the offense of grand larceny, specifically that he feloniously took and carried away a heifer, an animal of the cow kind, the personal property of Lizzie Clark. He was duly adjudged guilty of the offense of grand larceny, and the court pronounced an indeterminate term of imprisonment of not less than 18 months and not more than 24 months in the penitentiary.

By the undisputed evidence it was disclosed that the heifer in question was the property of one Lizzie Clark, the injured person named in the indictment, and further that this particular animal was butchered and sold by this appellant, who claims to have bought it from a negro man, whose name he did not know.

On this trial the controlling question was one of fact, pure and simple. If, as insisted by appellant, he did in good faith butcher this animal and sell the meat and hide, after having bought it and with no felonious intent, he, of course, would not be guilty of crime. The court fully instructed the jury as to this and as to every phase of the law governing this case. On the other hand, if, as contended by the state, he feloniously took and carried away the heifer, butchered and sold it, he would under the law be guilty as charged. This vital question, under the evidence, was for the jury to determine, and while it is the law, "where the taking is open, and there is no subsequent attempt to conceal the property, and no denial, but an avowal of the taking; a strong presumption arises that there was no felonious intent, which must be repelled by clear and convincing evidence, before a conviction is authorized," McMullen v. State, 53 Ala. 531; yet this does not mean or imply that the boldness of the thief is an excuse for crime, nor does it raise any presumption favorable to the accused. In the case at bar the evidence tended in several instances to show highly incriminating circumstances in connection with the taking and carrying away of the animal in question by this appellant. There is another rule of law equally true as to pre-

sumption on the question of intent to the effect, "the law presumes that every person intends to do that which he does; that he [the defendant] must be presumed to have designed what he did, or what is the necessary consequence of his act, unless he can show to the contrary." McElroy v. State, 75 Ala. 11. The rulings of the court upon the admission of evidence, to which exceptions were reserved, in no manner tended to injuriously affect the substantial rights of the defendant. To the contrary, the court allowed the accused full latitude to present his every defense to the accusation, and the wide scope permitted in this connection was more favorable to the defendant than the strict rules of evidence provide. Such of the refused charges, as properly stated the law, were fairly and substantially covered by the oral charge of the court, which rendered their refusal to be without error.

The motion for a new trial was properly overruled. Finding no error in the record, the judgment of conviction from which this appeal was taken is affirmed.

·: ·Affirmed.