141 So. 269

### MORRISON v. STATE.
### 7 Div. 840.

Court of Appeals of Alabama.
March 22, 1932.

Rehearing Denied April 12, 1932.

Hugh Reed, of Center, and L. B. Rainey, of Gadsden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

The corpus delicti of the offense charged in the indictment was fully proven without dispute or conflict. The identity of this appellant as being one of the operators of the still in question is the principal inquiry in this case. On this question all four witnesses for the state testified that this appellant was one of the men engaged in the operation of the still, that he ran away at the approach of the "raiding" party, but was arrested the next night at the home of one Davis, where appellant was living.

Appellant, as a defense, set up an alibi. He and several other witnesses testified he was not at the still on the night in question, but that at the time of the raid he was five or six miles away, and was at the Davis home, where he lived. This conflict in the evidence presented, of course, a question for the jury to determine. In other words, this case in the court below rested entirely upon this sole question of fact.

There were large quantities of whisky at the still, and, so far as this appellant is concerned, the question as to whether the

"beer," also in large quantities, contained alcohol, was wholly immaterial. Courts take judicial knowledge of the fact that whisky is a prohibited liquor. Thus that portion of the insistence of appellant as to the crime itself need not be discussed.

The argument of the solicitor to which objections were interposed was excluded by the court upon motion of defendant. The court having ruled with defendant, he cannot be heard to complain, as it affirmatively appears no injurious effect resulted to the accused. Moreover, the remarks of the solicitor were but expressions of his opinions based upon his version of the testimony which with proper explanations may have been left in argument.

Such of the refused charges as properly stated the law were fairly and substantially covered by the oral charge and those given at the request of defendant. The court was therefore under no duty to reiterate charges already given.

The so-called exception to the court's oral charge presents nothing for review. The exception was abortive, as no attempt was made to comply with the required rules. Reed v. State, 18 Ala. App. 371, 92 So. 513.

As hereinabove stated, this case presented a question of fact only for the jury to determine. It was the province of the jury to accord such weight or probative force to the evidence with which it was entitled. In the opinion of this court, the evidence adduced upon the trial was ample to support the verdict of the jury, and to sustain the judgment of conviction pronounced and entered. Grimes v. State, 24 Ala. App. 378, 135 So. 652.

Affirmed.

### On Rehearing.

In the application for rehearing it is first insisted that the court erred.in the refusal of charge 7. This charge was properly refused as it pretermits a consideration by the jury of all the evidence adduced upon the trial; and, further, it gives undue prominence to the evidence of defendant as to his alleged alibi.

Refused charge 8 was fairly and substantially covered by the court's oral charge, wherein the court stated: "The defendant offers some testimony here that he wasn't there. In other words what we call an alibi, evidence that he wasn't at that place but was some place else. If the testimony in support of that defense is sufficient to originate in your minds a reasonable doubt as to whether he was there and participated in the manufacture of that whiskey then he is entitled to an acquittal." Refused charge 8 was also fairly and substantially covered by written given charges 2, 4, 8, and 9.

Refused charge 3 deals with the unanimity of the verdict of the jury. This charge was fairly and substantially covered by given charge 5.

Application overruled.