153 So. 665

### CHAMBERS v. STATE.

6 Div. 540.

Court of Appeals of Alabama.

March 20, 1934.

James Esdale and John T. Batten, both of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, Judge.

Our Supreme Court, in response to a certification, etc., to it by this court, in the case of Goolsby v. State, 213 Ala. 351, 104 So. 901, expressed the opinion that sections 4159 and 4160 of the Code of 1923 were constitutional and valid.

Later, we ourselves, with the approval of the Supreme Court, by tacit implication, held that the three sections of the Code of 1923, viz., 4158, 4159, and 4160, constituting, together, what is popularly known as the "Bad Check Law," were, as amended by the act of the Legislature approved August 20, 1927 (Gen. Acts Ala. 1927, pp. 286 and 287), likewise constitutional. See Bates v. State, 24 Ala. App. 507, 137 So. 465; Id. (certiorari denied) 223 Ala. 527, 137 So. 465.

We observe nothing in the amendments added to sections 4158 and 4159 of the Code, supra, by the act approved July 23, 1931 (Gen. Acts Ala. 1931, pp. 648 and 649, §§ 1, 2), which would operate to cause either of said sections as thus amended to become unconstitutional and void. But prosecutions pitched thereunder must conform to the terms of the said sections.

Here, it appears, appellant was sentenced to hard labor "because" of his failure to pay the fine assessed; and the provisions of the two Code sections referred to were in obvious respects otherwise not complied with.

For these errors the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.