157 So. 230

## CHAMBERS v. STATE.
### 7 Div. 84.

Court of Appeals of Alabama.
June 12, 1934.

Rehearing Denied June 27, 1934.

Jas. Esdale and John T. Batten, both of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

The appeal is on the record without a bill of exceptions.

The point is made that the sentence for the fine and costs is void.

Section 3883 of the Code of 1923 provides as a punishment for public drunkenness as therein defined a fine: "To be paid in money only." This does not mean that the defendant may not be sentenced to hard labor if he fail or refuse to pay the fine. The statute requiring the payment to be made in money only is to guard against payment in depreciated fine and forfeiture claims issued by the county or other depreciated medium. The requirement that the fine be paid in money in no way relieves the defendant of the punishment as fixed by sections 5290, 5265, upon failure to pay both the fine and costs. Any other construction would be to allow a defendant to evade punishment by simply refusing to pay the fine imposed. A full discussion of this question is to be found in Ex parte Joice et al., 88 Ala. 128, 7 So. 3. The opinion in Chambers v. State, ante, p. 89, 153 So. 665, is in conflict with the above, and is expressly overruled on this point. The judgment is free from error, and is affirmed.

Affirmed.