166 So. 716

## NIX v. STATE.

### 8 Div. 256.

Court of Appeals of Alabama.
Feb. 4, 1936.

Rehearing Denied Feb. 25, 1936.

H. H. Hamilton, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, Presiding Judge.

This prosecution was for a violation of section 4158 et seq. of the Code of 1923, as amended by an act of the Legislature of Alabama approved August 20, 1927 (Gen. Acts 1927, p. 286), as amended by Gen. Acts 1931, p. 648, known as the bad check law. It originated in the above-stated court upon the affidavit of the alleged injured party, one N. A. Smith, and upon the warrant issued thereon.

Defendant interposed demurrers to the complaint insisting that the complaint (1) charged no offense known to the law, and (2) that the statutes, upon which this prosecution is based, are unconstitutional.

As to the first proposition, we are of the opinion that the affidavit is sufficient in form and substance. It not only substantially follows the language of the statute, which of itself is sufficient, Oliver v. State, 16 ·Ala.App. 533, 79 So. 313, and cases cited; but it also states the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which would enable the court, on conviction, to pronounce the proper judgment. Under the provisions of section 4529 of the Code 1923, this is all that may be required. As to insistence (2) "that said statutes are unconstitutional," we do not so conclude. In this connection we have not been furnished with brief for appellant; hence there is nothing to indicate the specific grounds upon which this insistence is predicated. We have only the bare statement, "that the statute is unconstitutional." As stated, we entertain no doubt of the constitutionality of the statutes in question which provide punishment for fraud and misrepresentations which amount to false pretense in the matter indicated, and this was and may be done within the provisions of State and Federal Constitutions.

The evidence in this case tends to show that the defendant gave his check to Smith for $101.66 and received from Smith for said check two bales of cotton of that value. This transaction occurred on November 8, 1933, and the check in question was dated on that day, and was drawn on the First State Bank, Phil Campbell, Ala. The check was returned unpaid, with notation by the bank, "Not sufficient funds." Smith testified he made repeated efforts to cash the check through regular channels, and otherwise, but was never able to do so, and that the check was never paid nor was his cotton returned to him. The foregoing is practically without dispute.

Appellant reserved exceptions to the rulings of the court in permitting the state to show by several witnesses that along about the same time the check involved in this prosecution was given and turned down, the defendant had given numerous other checks, for things of value,

and that said checks were returned unpaid marked, "Not sufficient funds." There was no error in these rulings. This prosecution involves a charge of intentional fraud, and the guilt or innocence of the accused depended upon the intent at the time the check was given. In Caughlan v. State, 22 Ala.App. 220, 114 So. 280, 283, this court said: "It has been many times held that proof of similar transactions occurring about the time of the alleged crime are admissible as tending to prove intent." And further in said case, the court said: "It was not error to overrule the objections to the various questions tending to prove that about the time as charged in this indictment defendant gave to other parties worthless checks in the buying of other cotton." Caughlan's Case, supra, and cases cited.

The defendant in this case was not entitled to the affirmative charge. The trial court properly so held. In a prosecution of this charge the statute (section 4160 of the Code 1923, as amended by Gen.Acts 1927, p. 287) provides a rule of evidence to the effect: "In any prosecution under the two preceding sections as against the maker or drawer of a check, draft or order for the payment of money the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee because of lack of funds or credit, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in or credit with such bank or other depository, * * * Upon the trial of any person charged with violating the preceding sections the defendant shall be a competent witness to testify to his circumstances or intent when he drew the check, draft or order."

The general rule is to the effect that criminal intent necessarily follows from an act intentionally done, when such act is unlawful or criminal. The law presumes that every person intends the natural and necessary and probable consequences of his acts. McElroy's Case [McElroy v. State], 75 Ala. 9. Worrell v. State, 24 Ala.App. 313, 136 So. 737.

The statute, above quoted, permits a person charged with this offense to testify as to his intent when he drew the check. However, such testimony when given by the accused is not conclusive, for it rests with the jury trying the case to determine whether the defendant's testimony is true or false and to accord to it such weight or probative force which in their judgment it is entitled.

The evidence in this case also tended to show that the defendant had an account with the bank upon whom the check in question was drawn, and, further, that about the time and during several days subsequent to the day the check was given, he deposited in said bank several sums to his credit, and that such deposits ranged from very small amounts to amounts sufficient to take care of the check in question. However, this same evidence also disclosed that either at the time of making said deposits or immediately thereafter this defendant would draw said amounts from the bank by check, and that at no time during the pendency of this matter was there a sufficient amount to his credit to meet the check in question, and, as stated, the repeated and insistent efforts of Smith, the alleged injured party, to get the check cashed, met with failure. All these facts, coupled with other evidence of like import, were ample in our opinion to warrant the jury in returning the verdict rendered, and to sustain the judgment of conviction pronounced and entered.

The verdict of the jury fixed the punishment at a fine of $200. This, of course, carried with it the costs of the prosecution. The judgment entry recites, among other things: "Now on this the day the defendant being present in open Court and it appearing to the Court that the said defendant has failed to pay or confess judgment for the fine of $200. assessed against him in this case. It is therefore ordered and adjudged by the Court that the defendant do and perform hard labor for the County of Franklin for a period of SEVENTY DAYS (70) to pay the fine and it appearing further that the said defendant has failed to pay or confess judgment for the costs incurred in this prosecution. It is therefore considered and adjudged by the Court that the said defendant do and perform hard labor for the County of Franklin for a period of FIFTY THREE (53) days at the rate of 75¢ per day, to pay the costs, the costs amounting to $39.55, making a total sentence of 123 days hard labor for the County."

The foregoing action of the court in sentencing the defendant to hard labor for

the county, he having failed to pay the fine and costs, or to confess judgment therefor, was correct and proper, notwithstanding the case of Chambers v. State .(Ala.App.) 153 So. 665.[1] The holding in the Chambers Case, supra, to the effect that the "defendant cannot be sentenced to hard labor because of his failure to pay fine assessed for issuing a worthless check," is not only inadvertent and erroneous, but it is in direct conflict with sections 5290, 5291, of the Code 1923. This Chambers Case, supra, has been expressly overruled. See the cases of Chambers v. State, 26 Ala.App. 200, 157 So. 230, and C. A. Chambers v. State, 26 Ala.App. 626, 159 So. 889.

We are of the opinion that the court properly overruled defendant's motion for a new trial.

No error of a reversible nature appearing in any of the rulings of the court to which exceptions were reserved, it follows that the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.