189 So. 910

# YORK v. STATE.

### 8 Div. 765.

Court of Appeals of Alabama.
April 18, 1939.

Rehearing Denied May 9, 1939.

S. A. Lynne, of Decatur, for appellant.

Thos: S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

The undisputed evidence in this case disclosed that in a rencounter with this appellant, Clell Smith, the alleged injured party was seriously, dangerously and desperately wounded by having been cut and stabbed with a knife. In this connection Smith testified "the defendant said he was going to beat hell out of me, and asked me what I was going to do about it, and he stabbed me in the arm and broke it with his knife—broke my left arm. (At this point witness was requested by Solicitor to run up his sleeve and show to the jury whether he had any scar, which he did;) that after that witness started backing down the road and defendant kept stabbing at him, and witness dodged a time or two and slipped off in the ditch, and when he fell in the ditch, he tried to pull up with his left hand, trying to open his knife to defend himself, and couldn't get up with his left arm, and defendant stabbed him over the heart twice; that the defendant cut him about the head twice, once on the left and one in front, and twice over the heart. (Witness opened shirt and exhibited to the jury scars on chest;) that the doctor stuck his three fingers in wound as deep as he could; that he was carried to hospital in Decatur; that the first time he went to hospital was March 1st and he stayed a month and ten days, and came home, but was back five different times since then; that one of his ribs was taken out at hospital so as to put in a drain pipe."

On the question as to extent of injuries received, State witness J. H. Smith testified that he is the father of Clell Smith, and also testified as follows: "That he saw Clell about ten minutes after he was injured; * * * that he went with Clell to the hospital, and was in the room when the doctors examined him; that Clell was cut by the side of his heart, had a punctured lung, a bad cut on his arm, a broken arm, a cut along above his ear and the back of his head, and top of his head, and a small stab between his shoulders; that he kept Clell in the hospital from the first of March until the tenth of April, the first time; that afterwards he had to go back—he didn't remember the date; that the doctors did not have to operate again after he went back the second time, but operated the first time, taking out a rib and putting in a drainage to drain his lung; that pus came from his lung; that he was there when this happened; that he was 'cut to the hollow, into the lungs.' "

The foregoing testimony was without dispute or conflict.

As a result of the foregoing, the grand jury indicted appellant for the offense of assault with intent to murder Clell Smith. His trial in the circuit court resulted in his conviction as charged in the indictment, whereupon the court duly adjudged him guilty of assault with intent to murder, and sentenced him to serve an indeterminate term of imprisonment in the penitentiary for not less than five years nor more than six years. Judgment of conviction was pronounced and entered accordingly, from which this appeal was taken.

Upon the trial, a few rulings of the court were invoked upon the admission or rejection of testimony, and exceptions were reserved to the adverse rulings. These particular points of decision are not insisted upon, as manifestly no error prevailed in any of these rulings. In this connection counsel of appellant states in brief: "Since we press only one ground for a reversal, i. e. the refusal of a requested charge, it does not appear necessary to preface our argument with a full statement of fact."

The point of decision above referred to by able counsel for appellant is the action of the court in refusing to defendant charge "3" requested in writing. Said charge reads as follows:

"However fierce or vicious the attack made by defendant is shown by the evidence to have been, if you are reasonably satisfied from the evidence defendant did not at the time intend to murder Smith, you cannot find defendant guilty of an assault with intent to murder."

We cannot accord to the insistence of appellant's counsel that the refusal of the foregoing charge constituted reversible error.

We are of the opinion that the proposition of law contained in said charge was fairly and substantially covered by given

charges 1 and 2 requested by the defendant, and also by numerous statements to the jury contained in the court's oral charge. In this connection, the trial judge specifically instructed the jury, among other things, to the effect that to constitute the offense charged, the assault must have been of such a nature as that if death had followed, the defendant would have been guilty of murder in the first or second degree. He correctly charged them as to the necessary elements of the offense including intent. In this connection the court charged, "Now, you will see here that this word 'intent' is of prime importance because if it wasn't done with an intent to kill, as I have indicated, then gentlemen of the jury, it would fall into another class of crime. If there was no intent to it, it would be what we call assault with a weapon. Well, that is quite different. That would be an unlawful act and an assault with a weapon on the party, and there would be no intent to kill in it, if the evidence didn't go to show on this question of intent."

The court also stated: "Now then, the charge as I explained to you, was one that would also cover an assault with a weapon. * * * Of course if you are not satisfied beyond a reasonable doubt of his guilt of assault with intent to murder, * * * the evidence, if it convinces you beyond a reasonable doubt that he is guilty of an assault with a weapon and it wasn't done with intent to kill, then you would find him guilty of assault with a weapon. If you have a reasonable doubt of his guilt on that question and also on the other, then he ought to be turned loose, etc."

The specific charge in the indictment "with intent to murder him," like all other material averments, must be proven to the satisfaction of the jury beyond a reasonable doubt. This does not imply that the State must produce witnesses to testify by word of mouth that the defendant committed the assault with the intent to murder Smith; for there is no rule of law which permits one person to testify as to the intention of another person in the commission of any act. The law recognizes that such a rule would require the impossible. So in its wisdom it provides that intent may be inferred by the jury from the character of the assault, the use of a deadly weapon, and from the nature, location and extent of the wounds, and the other attendant circumstances;

and, from all this if the facts, etc., of the assault are such as to convince the jury beyond a reasonable doubt of the existence of an intention, entertained at the moment of the act, on the part of the defendant to take the life of the person assaulted, the circumstances being of that character as, had death ensued, the crime would have been murder in either degree, they should convict of the aggravated and felonious assault, without other evidence of intent than that so appearing from the defendant's own acts.

The excerpts from the following cited authorities are pertinent to the case at bar: In Williams v. State, 13 Ala.App. 133, 69 So. 376, 377, the court said: "It is elementary that when a person does an act legally wrong in itself, and the accomplished act is a crime, the law will presume the criminal intent. * * * The law presumes a person intends to do that which he does and designed the necessary consequences of his act, unless it is shown to the contrary. * * * While proof of the intent to murder is an element of the burden of proof resting on the state, this intent is not susceptible of positive proof, but rests in inference to be drawn by the jury from all the evidence in the case."

In Reed v. State, 18 Ala.App. 371, 92 So. 513, 514, it was said: * * * "A defendant in a criminal case cannot be permitted to testify as to his own uncommunicated motives or intentions, as the law presumes that every person intends to do what he does, and that the natural, necessary, and probable consequences of his acts were intended. Motive or intention is an inferential fact, to be drawn by the jury from proven attendant facts and circumstances; an uncommunicated belief, motive, or intention cannot be testified to by a party to a civil suit, when examined as a witness, nor can it be stated by a defendant in a criminal case, when testifying in his own behalf."

In Weeks v. State, 24 Ala.App. 198, 132 So. 870, 871, it was stated: "It is true intent is generally an element of crime, but whatever one voluntarily does he of course intends to do, and whenever an act is criminal, the party doing the act is chargeable with criminal intent."

In the case of Worrell v. State, 24 Ala. App. 313, 136 So. 737, "There is another rule of law equally true as to presumption on the question of intent to the effect, 'the law presumes that every person intends

to do that which he does; that he (the defendant) must be presumed to have designed what he did, or what is the necessary consequence of his act, unless he can show to the contrary.' "

In this case the jury had the right and was under the duty to consider the testimony relative to the wounds admittedly inflicted upon Smith by him, in order to arrive at the intent of the defendant. Phillips v. State, 161 Ala. 60, 49 So. 794, 796. As to this proposition, the Supreme Court in the case said: "This testimony as to the nature and extent of the wound was admissible to show the intent of the accused. It afforded reasonable inferences as to the mechanism of the assault, the fierceness of the attack, and these things were of the res gestæ." See, also, Bodine v. State, 18 Ala.App. 514, 93 So. 264; Brown v. State, 142 Ala. 287, 294, 38 So. 268.

The evidence in this case was in conflict and the issue presented by this evidence was for the jury to determine and decide. In our opinion there was ample evidence to justify the jury in the verdict returned by them. Also to support the judgment of conviction pronounced and entered. The sentence imposed being within the limits prescribed by the Statute, we are without authority to declare the punishment fixed by the court was excessive.

There appearing no error upon the trial of this case in the court below, it follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.