WRIGHT, Presiding Judge.
This is an appeal by the Director, Department of Industrial Relations, State of Alabama, hereinafter called Department, from judgment of the Circuit Court of Randolph County, enjoining the enforcement of an order of the Director setting the contribution rate for unemployment compensation tax for the year 1976 against Clegg Manufacturing, Penrose Corporation. We reverse.
On January 23, 1976, the Department, as required by statute (Title 26, Sec. 204 G(6), Code of Alabama (1940)), sent notice to Clegg Manufacturing, a division of Penrose Corporation, hereinafter called Clegg, of its unemployment compensation tax rate for the calendar year 1976. Such rate was determined to be 4%. Upon receipt of the notice, Clegg contacted employees of the Department and inquired of the reason for the increase of its rate to 4% from the previous year’s rate of 0.5%.
*250 Clegg was informed that the rate increase was due to the large increase of benefit wages charged to it in the year 1975, and its failure to claim rehire credit permitted by law. Title 26, Sec. 204 C(3). Further informed that time had expired for claiming rehire credit and that no change in the contribution rate could be made, Clegg, without following administrative and appeal procedure provided in Title 26, Sec. 204 H, Code, brought petition for temporary and permanent injunction against the Department. Temporary injunction issued and after hearing, injunction was made permanent. The department was enjoined from enforcing the tax rate assessed against Clegg. The court further ordered the Department to grant rehire credit to Clegg for all employees with benefit wage charges made to the account of Clegg for the quarter ending March 31, 1975. It was further ordered that the Department after granting the rehire credit, compute and establish a new tax rate, furnishing court attorneys and Clegg with a detailed breakdown on the method of computation, all within 30 days.
We think it proper to observe that the Department does not, on this appeal, present the issue of whether injunctive relief was proper in this case when administrative remedies and right of appeal had not been exhausted. We review only on issues presented by the Department.
The petition for injunction concedes that the Director of the Department is charged by statute with the responsibility of assessing and collecting unemployment compensation taxes from Clegg as an employer. It is not alleged that the assessment made by the Department against Clegg is illegal or in violation of the statute. It is merely alleged that the assessment is capricious, arbitrary, unconscionable, does not comply with the intent of the legislature, and failure by Clegg to claim credit under the statute was the result of an oversight. It is further alleged that the enforcement of the assessment will result in great financial loss to Clegg and may possibly affect the employment of 200 people and the financial stability of the town of Wadley, Alabama.
This case was apparently tried upon the theory that an assessment of taxes, though properly entered according to statute, should be set aside, and its enforcement enjoined because it would be detrimental to the financial status of the taxpayer, its employees and the town where located. A secondary issue was that a tax rate computed according to law should not be permitted to stand because the taxpayer could have gotten a lower rate had he not, through ignorance of the law, failed to claim benefit of certain favorable deductions or credit.
The plot involved in this case began in years prior to 1975. Clegg is a small shirt manufacturer in Wadley, Alabama. It is a wholly-owned division of Penrose Corporation, a foreign corporation. It had been the practice of Clegg for many years prior to 1975, in lieu of giving paid vacations, to discharge its employees for one week at the 4th of July and at Christmas. The employees would immediately apply for unemployment benefits and would draw such benefits for the two weeks. Clegg would rehire them all after each week. The law provided that the employer’s experience rating was not charged for benefit wages paid an employee unless the total of such wages equaled or exceeded the amount of benefits payable to the employee for three weeks of total unemployment. Title 26, Sec. 204 B(l), Code. Clegg could and did discharge its employees for two weeks each year, qualify them for compensation benefits, rehire them and not be charged with the benefits paid to them. Therefore, the experience rating of Clegg for unemployment payments to its employees was extremely low, resulting in a very low assessment of contribution to the fund.
Because of its many years of low experience rating, Clegg had never filed for rehire credit under Title 26, Sec. 204 C(3), Code. Its employees were not informed of nor familiar with the following provisions:
“(3) Notwithstanding any inconsistent provisions of this chapter, if after the last day of any claimant’s benefit year but within the forty-five (45) days next fol *251 lowing thereafter or within forty-five (45) days next following notice to the employer of benefit wage charges made as a consequence of such claimant’s receipt of benefits, whichever is the later, an employer for whom benefit wage charges were made as a consequence of such claimant’s receipt of benefits alleges that he had reemployed such claimant within the claimant’s benefit year, and the director finds that such employee received in benefits a total amount aggregating not more than twenty-five (25) percent of the maximum benefit payments to which he was entitled within such benefit year, because of such reemployment, the employer’s benefit wage record shall be credited with seventy-five (75) percent of the benefit wages previously charged against him relating to such claimant’s previous employment; .. Provided, however, that such credits shall be made for the , calendar year and the calendar quarter in which the finding is made by the director and no attempt shall be made to relate such credits to the period in which the rehire occurred; ‘reemployment’ meaning performing services for remuneration.”
In 1975, after the usual week’s vacation of its employees in July and December, paid for with benefits from the Unemployment Compensation Fund, the business of Clegg was so bad that an additional week’s layoff was necessary. The additional layoff caused employees to draw benefits exceeding three weeks. Therefore, according to law, the benefit wage account of Clegg was charged a full year of benefit wages for each employee. Title 26, 204 C(l), Code.
On June 6, 1975, as required by law, the Department sent Clegg its completed Form UC-212 listing the names of all employees, the date their benefit year began (which was the first week they drew benefits or July 4, 1974,) the benefit wages of each employee and the date the charge was made. The information on Form UC-212 fully informed Clegg that its account had been charged with the amount listed thereon. Clearly Clegg was ignorant of its meaning and how it could ultimately affect its contribution rate. It is also clear that Clegg knew nothing of the credit available to it under Sec. 204 C(3) quoted above.
According to Sec. 204 C(3), Clegg had until 45 days after July 3, 1975, to “allege” to the Department that it had rehired, during the benefit year, the employees charged by Form UC-212 with a year’s benefit wages. Clegg did not “allege” the rehiring of the employees to the Department. The Department did not receive completed Form UC-213 which gave the information needed to determine proper credit to grant for rehire.
Clegg does not seriously contend that some affirmative allegation or notice of rehiring employees is not required in order for it to receive rehire credit under the statute. Clegg’s theory and proof below was that it was ignorant of the purpose of receiving from the Department Form UC-212, ignorant of the availability of credit for rehire and ignorant of the time and method of applying for such credit. In other words, ignorance of the statute is submitted as a basis for enjoining the assessment. Clegg further says that even though the assessment was legally made, it should not be enforced because it could not pay it and would have to close down. The employees would be out of work and the town and community would suffer economically.
Clearly, ignorance of the requirements of the law can be no defense to a failure to claim advantages granted by it. Weeks v. State, 24 Ala.App. 198, 132 So. 870, cert. denied, 222 Ala. 442, 132 So. 871. An order enjoining the enforcement of a legal tax assessment because it would have been less had the taxpayer known to claim credits within the time and according to manner directed by statute cannot stand. Neither may a legal tax assessment be enjoined and set aside because it is a hardship upon the taxpayer, its employees and the community. If such were so, the assessment and collection of taxes would seldom go unchallenged. Injunction may not issue to restrain the legal action of any public *252 officer. Goodwin v. State Board of Administration, 212 Ala. 453, 102 So. 718.
This court has this date released its decision in the case of Department of Industrial Relations v. McElrath Farms, Inc. That case involved the same statute as here, except that it came to us through the process of administrative appeal and trial de novo in the circuit court rather than through injunction. We construed Sec. 204 C(3) of Title 26, Code, as it read prior to October 6, 1975, to require that reasonable notice by a taxpayer of purpose to claim credit for rehire be given the department within the time limitation provided. We determined that what constituted reasonable notice was a question of fact in each case.
In line with that decision, we find no notice by Clegg to the Department, reasonable or otherwise, of an intent to claim the credit for rehiring its employees granted by the statute. We therefore hold that the Director was bound by law to determine the benefit wage percentage of Clegg from the information entered on Form UC-212 without benefit of rehire credit. There being no evidence that the calculation of 4.0% contribution rate for 1976 is incorrect, it must stand.
Finding no legal or equitable ground for the injunction, it is directed to be set aside and dissolved together with the supplementary orders contained in the judgment of March 25, 1976.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.